IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL WARD, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:04-CV-291 (CWH) |
| JO ANNE B. BARNHART, S.S. Commissioner, | : | |
| Defendant | : | SOCIAL SECURITY APPEAL |

# O R D E R

Before the court is the defendant's MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e). Tab #23. In this motion, the defendant argues that judgment in the present case should be altered because there is a need to correct clear error of law or manifest injustice. *Id*. The plaintiff has filed a response to the defendant's motion. Tab #26.

Under Fed. R. Civ. Pro. 59(e), a judgment may only be altered on one of three grounds: (1) intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct clear error of law or to prevent manifest injustice. *U.S. v. Amtreco*, 858 F. Supp. 1189, 1190 (M.D. Ga. 1994); *Estate of Pidcock v. Sunnyland America, Inc.*, 762 F. Supp. 1322, 1333 (S.D. Ga. 1989).

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir.1985). Moreover, "[T]he function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory … [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey v. Head*, 206 F.2d 1106, 1137 (11th Cir. 2000) (*quoting In re Halko,* 203 B.R. 668, 671-72 (Bankr.N.D.Ill.1996)).

In the present case, the defendant argues that the court committed clear error in finding that the ALJ improperly rejected lay witness testimony. However, in support of her arguments, the defendant merely reargues the issues raised in her brief in support of the ALJ's denial of benefits. Such is not a permissible reason to alter judgment in Fed. R. Civ. Pro. 59(e). Furthermore, a review of this case shows that the ALJ did, in fact, improperly reject lay witness testimony.

Accordingly, the Commissioner's MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT in this case is **DENIED**.

SO ORDERED AND DIRECTED, this 27th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE